UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | CV 15-06111-AB (AFMx) | Date: | March 15, 2016 |
|---|---|---|---|

Title: *Edward Atiyeh v. Societe Air France*

---

Present: The Honorable   ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] Order Remanding Action To State Court [27, 29]

This matter comes to this Court on Defendant's Notice of Removal based on federal question jurisdiction, despite Plaintiff's alleging no federal cause of action in his Complaint. (Dkt. No. 1, Exh. A, at 1.) On December 30, 2015, this Court ordered Defendant Societe Air France to show cause why this case should not be dismissed for lack of a federal question. (Dkt. No. 26.) Defendant filed its responsive brief as directed on January 8, 2016, (Dkt. No. 27), and Plaintiff timely replied on January 21, 2016, (Dkt. No. 29). For the following reasons, this action is hereby **REMANDED**.

Defendant's Response to the Court's Order to Show Cause ("OSC") avers that Plaintiff's claim of having sustained injury during an international flight presents a federal question because it is completely preempted by the Convention for the Unification of Certain Rules for International Carriage by Air, adopted at Montreal, Canada on May 28, 1999 ("Montreal Convention"). *See* Montreal Convention, arts. 17, 29; S. Treaty Doc. No. 106-45 (adopting and ratifying the Montreal Convention on November 4, 2003). Federal question jurisdiction over this matter turns on whether there exists *complete preemption*, as opposed to mere conflict preemption, of state law as it

pertains to all claims for bodily injury onboard passenger aircraft. *See Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for So. Calif.*, 463 U.S. 1, 23–24 (1983). Only where preemption is *complete* may the Court exercise the extraordinary power of recharacterizing the Plaintiff's state claim as a federal one and thereupon exercise federal question jurisdiction over the matter. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987).

Complete preemption is rare, however. *ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000). Indeed, the Ninth Circuit has yet to determine whether the Montreal Convention, or its predecessor the Warsaw Convention, completely preempts state law, and neither have courts within this district reached consensus in the matter. *Compare, e.g.*, *Nankin v. Continental Airlines, Inc.*, Case No. CV 09-07851 MMM (RZx), 2010 WL 342632 (C.D. Cal. January 29, 2010) (finding no complete preemption) *with Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057 (C.D. Cal. 2013) (finding complete preemption).

Defendant argues that a finding of complete preemption is unnecessary and that jurisdiction is warranted where the Montreal Convention preempts Plaintiff's single claim. (Dkt. No. 27, at 5.) But Defendant's analysis would be tantamount to a finding of conflict preemption. Conflict preemption, while potential grounds for a motion to dismiss, is insufficient to justify the exercise of an extraordinary expansion of federal question jurisdiction at this stage. *Oganesyan v. Am. Airlines Cargo*, Case No. CV 13-6190 SVW, 2013 WL 6229173, *2 (C.D. Cal. November 26, 2013) (citing 28 U.S.C. § 1331; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Metro. Life Ins.*, 481 U.S. at 63) ("The fact that individual claims may be preempted does not mean the entire field is preempted, and the defense of claim preemption does not convert a complaint brought under state law into one 'arising under' federal law.")).

In the alternative, Defendant argues that this Court might maintain jurisdiction under 28 U.S.C. § 1332 for diversity of citizenship. (Dkt. No. 27, at 6.) But Defendant cited one basis for removal—federal question jurisdiction—in its notice of removal. (Dkt. No. 1, Exh. A, at 1.) It is well established that "[t]he Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period'" following the initial removal. *ARCO Envtl. Remediation*, 213 F.3d at 1117 (citing *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988)). Defendant removed this action on August 12, 2015. (Dkt. No. 1.) Therefore, the time to add an entirely different basis for removal has long since passed, and the Court cannot sustain jurisdiction on that basis.

Accordingly, the Court must determine whether complete preemption of state law is sufficiently present to justify the exercise of federal question jurisdiction. *See* 28 U.S.C. § 1331. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed,

the law is clear that "[f]ederal jurisdiction *must be rejected* if there is *any doubt* as to the right of removal in the first instance." *Id.* (emphasis added). The present case is rife with doubt as there has been neither definitive Ninth Circuit authority nor any demonstrated consensus among the district courts upon which this Court might base its determination that the Montreal Convention completely preempts state law. In the face of such striking uncertainty, jurisdiction cannot lie.

There being no binding authority to support Defendant's claim of complete preemption, the Court finds that removal to federal court under federal question jurisdiction was improper. For these reasons, this action is hereby **REMANDED** to Los Angeles Superior Court.

**IT IS SO ORDERED.**